820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Earl JONES, Petitioner-Appellant,
v.
Herman C. DAVIS, Warden, Respondent-Appellee.
 No. 86-6128.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1987.
 
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge*.
 PER CURIAM.
 
 
 1
 Petitioner, Edward Earl Jones, appeals from the denial of habeas corpus relief. The issue presented to the district court was whether Jones' confession, admitted into evidence in the state court trial, was voluntary. The district court concluded that it was and denied the writ. Jones appealed and we remanded in light of the Supreme Court's recent decision in Miller v. Fenton, 106 S.Ct. 445 (1985). Miller held that in habeas proceedings the question of the voluntariness of a confession is a legal one and that state court determinations of voluntariness are not entitled to the presumption of correctness accorded by 28 U.S.C. Sec. 2254(d). Since it was not clear that the district court initially applied the correct standard of review, we found it necessary to remand.
 
 
 2
 Upon remand, the district court again determined that the confession was voluntary. Jones appeals, challenging the conclusion of voluntariness as well as alleging error from the fact that no new evidentiary hearing was held upon remand.
 
 
 3
 On review we conclude that upon remand Judge McRae followed the dictates of Miller and correctly concluded as a matter of law that the confession was voluntary. Since we further find that a new evidentiary hearing would have served no useful purpose, we affirm.
 
 I.
 
 4
 On August 11, 1977, at approximately 11:00 p.m., a lone male intruder broke into the home of Kathleen and Cornellia Trice. Cornellia Trice was a single, fifty-five year old woman who lived with her eighty-eight year old mother. Cornellia wrestled with the intruder, who had a knife, but was subdued. She and her mother were subsequently robbed and Cornellia was raped and subjected to other acts of sexual degradation. The assailant ultimately left in Cornellia's car which was recovered, abandoned, the next day four-tenths of a mile from Jones' home.
 
 
 5
 Approximately five weeks later Jones was arrested in connection with a burglary. Eighteen hours after arrest, Jones confessed to the Trice rape and robbery, as well as implicating himself in numerous other rapes and burglaries. On December 9, 1977, Jones was indicted by the Shelby County, Tennessee, Grand Jury for rape, robbery with a deadly weapon, and a crime against nature. A June 30, 1978, trial on these charges resulted in a mistrial. Prior to trial Jones had made a timely motion to suppress the confession. After an evidentiary hearing, the motion was denied. At a retrial on October 15, 1978, Jones was convicted by a jury of all counts. Subsequent to trial, Jones was classified as a persistent felony offender due to two other felony convictions and was given a life sentence. Jones then exhausted his state appellate remedies without relief being granted. On October 6, 1983, petitioner filed this habeas action.
 
 II.
 
 6
 When this case was remanded by this court in 1986, it was pursuant to an order which stated:
 
 
 7
 It is ordered that the appeal be remanded to the District Court for reconsideration in light of the Supreme Court's decision in Miller v. Fenton, 106 S.Ct. 445 (1985).
 
 
 8
 When Miller was decided, it resolved a split in the circuits as to whether in habeas proceedings the question of the voluntariness of a confession was a question of fact, a mixed question of fact and law, or a question of law. The Miller Court stated in deciding it was a question of law:
 
 
 9
 [T]he ultimate question, whether under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution is a matter for independent federal determination.
 
 
 10
 Miller at 451.
 
 
 11
 Upon remand the district court considered the issue of the voluntariness of the confession as a question of law and found it to be voluntary. Judge McRae followed the dictates of Miller as well as other cases from the Supreme Court and this circuit indicating how voluntariness is to be determined. Following this court's direction in United States v. Dennis, 701 F.2d 595 (6th Cir.1983), the district judge applied the three phase review process set forth by the Supreme Court in Culombe v. Connecticut, 367 U.S. 568, 602 (1961).
 
 
 12
 The trial court initially noted that the state court had conducted a lengthy evidentiary hearing on the issue of voluntariness at a time when persons with information as to what occurred were available and their memories were fresh. The record of this hearing was such that there was no need to hold a new evidentiary hearing eight years after the fact. The state evidentiary hearing is also important in that although Miller held that voluntariness of confessions was a legal issue, the court made it clear that what had been resolved in the state courts was not without significance:
 
 
 13
 To be sure, subsidiary factual questions, such as ... whether in fact the police engaged in the intimidation tactics alleged by the defendant ... are entitled to the Sec. 2254(d) presumption. And the federal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary.
 
 
 14
 106 S.Ct. at 451.
 
 
 15
 There were several important "subsidiary factual questions" which the state court made findings on after the evidentiary hearing. These included: (1) that although Jones may have been slightly injured in the course of his arrest he was not in need of medical care and whatever injuries he received were not a motivating force in his confession; (2) that Jones had been fed at least twice in the eighteen hours between arrest and confession; (3) that although Jones did not get much sleep during this period, he did nap occasionally and was not suffering from sleep deprivation or fatigue to the point where it was a factor in his confession; (4) Jones was allowed to make a telephone call shortly after arrest and called his father and told him among other things to get a lawyer; (5) that although Jones was not given his Miranda warnings at the time of his arrest he was given them prior to making a confession; (6) that Jones was twenty years old, literate and a high school graduate; (7) that Jones' knowledge of facts concerning the Trice incident conformed to what the police knew from previous investigations; (8) that Jones' knowledge of other burglaries and rapes committed which he admitted to comported with police knowledge of these prior crimes; and (9) that the petitioner read his confession as typed, understood it, and initialed each page.
 
 
 16
 When the district court gave the appropriate deference to these "historical facts"[1] and found they militated in favor of voluntariness, he had completed the first phase of the three-part inquiry of Culombe.[2] As the court stated in Culombe, "the first of these phases is definitely determined, normally, by the [state] court." 367 U.S. at 603.
 
 
 17
 As to the second and third phases of the Culombe inquiry, the Supreme Court stated:
 
 
 18
 The second and third phases of the inquiry--determination of how the accused reacted to the external facts, and of the legal significance of how he reacted--although distinct as a matter of abstract analysis, become in practical operation inextricably interwoven.
 
 
 19
 Id. at 604.
 
 
 20
 The district court carefully considered the facts as they related to Jones' physical and mental state and the length and nature of the police investigation,[3] and then applied them against the backdrop of Jones' age, education, and other related factors. He concluded, and we agree, that under these circumstances Jones' ability to exercise free will was not impaired and that he confessed voluntarily and with full knowledge of his rights.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Columbe, 367 U.S. at 603
 
 
 [2]
 The three phased inquiry directed by Culombe is:
 The inquiry whether, in a particular case, a confession was voluntarily or involuntarily made involves, at the least, a three-phased process. First, there is the business of finding the crude historical facts, the external, "phenomenological" occurrences and events surrounding the confession. Second, because the concept of "voluntariness" is one which concerns a mental state, there is the imaginative recreation, largely inferential, of internal "psychological" fact. Third, there is the application to this physhological fact of standards for judgment informed by the larger legal conceptions ordinarily characterized as rules of law but which, also, comprehend both induction from, and anticipation of, factual circumstances.
 367 U.S. at 603. The dissent in Miller refers to the test as a "mystical exegegis." 106 S.Ct. at 454. Although this test is easy to quote, it is admittedly somewhat harder to understand.
 
 
 [3]
 Although the period of time between arrest and confession was eighteen hours, a good portion of that time was consumed riding around the neighborhood where the unsolved burglaries and rapes had occurred with Jones either indentifying of failing to identify various locations